**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSE SOCORRO
PANTOJA-HERNANDEZ,

     Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CARLOS PANTOJA-CAMPOS,

     Defendant - Appellant.

|   |
|---|
| No. 25-2110 |
| (D.C. No. 2:25-CR-00066-KG-1) |
| (D. N.M.) |

|   |
|---|
| No. 25-2113 |
| (D.C. No. 2:25-CR-00238-KG-1) |
| (D. N.M.) |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant Jose Socorro Pantoja-Hernandez (a/k/a Carlos Pantoja-Campos),[1] a native and citizen of Mexico, pled guilty to illegally re-entering the United States while he was on supervised release for a prior illegal reentry conviction. *See* 8 U.S.C. § 1326(a)(1), (a)(2), (b)(1). The district court sentenced him to 28 total months in prison for the illegal reentry conviction and for violating his conditions of supervised release. On appeal, Defendant challenges the substantive reasonableness of his sentences. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm the district court's judgment.

## BACKGROUND

Defendant was charged and pled guilty to having illegally reentered the United States, on September 26, 2024, after he was previously deported on July 9, 2024. At that time, he was completing a term of supervised release imposed for a previous illegal reentry conviction. The probation office petitioned to revoke his supervised release following his new illegal reentry charge. Defendant admitted his illegal reentry violated the terms of his supervised release and waived his right to a preliminary hearing on the supervised release violations, agreeing to have them addressed at sentencing for the new illegal reentry charge.

---

[1] Appeals 25-2110 and 25-2113 are consolidated. Jose Socorro Pantoja-Hernandez (Appeal No. 25-2110) and Carlos Pantoja-Campos (Appeal No. 25-2113) are the same person. Appeal 25-2110 is his appeal of the sentence imposed for his illegal reentry conviction (District Court Case No. 2:25-cr-66). Appeal 25-2113 is his appeal of the sentence imposed for a supervised release violation (District Court Case No. 2:25-cr-238).

A probation officer prepared a presentence investigation report ("PSR") on the illegal reentry charge. The PSR detailed Defendant's lengthy criminal history, which included five illegal reentry offenses and several driving offenses, including convictions for driving under the influence of alcohol. Defendant was first ordered removed from the United States in May 2015. Since then, he has been deported four times and convicted for illegal reentry four times, in 2016, 2018, 2023, and 2024. The PSR determined that Defendant's criminal history category was VI based on his criminal history and because the instant offense was committed while Defendant was completing a term of supervised release. The PSR calculated Defendant's total offense level as 10, and his advisory Sentencing Guidelines range for the illegal reentry offense was 24 to 30 months' imprisonment.

At sentencing, Defendant requested a 15-month total sentence, and for the supervised release sentence to run concurrent to the illegal reentry sentence. In support, he argued that his criminal history category overrepresented the severity of his criminal record, placing him into criminal history category VI with dangerous offenders, despite his lack of a dangerous criminal history. Defendant also noted that he continued to reenter the United States because his family resided in the United States, and while they had previously been unable to travel outside of the country, they would be able to now visit him in Mexico. The government requested a 24-month sentence for the illegal reentry offense and a concurrent sentence for the supervised release violation.

The district court found that the Guidelines range for the illegal reentry offense was 24 to 30 months' imprisonment and the Guidelines range for the supervised release violation was 18 to 24 months' imprisonment. The court sentenced Defendant to 24 months in prison for the illegal reentry offense and 18 months in prison for the supervised release violation. It ordered that 14 months of the supervised release sentence would be concurrent to the illegal reentry sentence and 4 months would be consecutive. The court stated that it had considered the 18 U.S.C. § 3553(a) factors and found that Defendant's 28-month total sentence met the sentencing goals. It noted Defendant's mitigating circumstances surrounding his family ties to the United States but also observed that this was Defendant's sixth illegal reentry conviction, which presented a need for deterrence, and that Defendant's driving offenses presented a need to protect the public.

Defendant timely appealed.

## LEGAL FRAMEWORK

Substantive reasonableness "concerns whether the length of the sentence is reasonable in light of the statutory factors under 18 U.S.C. § 3553(a)." *United States v. Adams*, 751 F.3d 1175, 1181 (10th Cir. 2014). This proposition applies to revocation of supervised release as well as initial sentencing on a conviction. *See United States v. McBride*, 633 F.3d 1229, 1231 (10th Cir. 2011). Defendant challenges the substantive reasonableness of his sentences under § 3553(a)(6), which requires sentencing courts to consider "the need to avoid unwarranted sentence

4

disparities among defendants with similar records who have been found guilty of similar conduct."

When faced with a substantive reasonableness challenge, "courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). A court abuses its discretion if the sentence it imposed was "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1267 (10th Cir. 2014) (internal quotation marks omitted). "A sentence within the correctly calculated Guidelines range is presumed to be reasonable; the burden is on the appellant to rebut the presumption." *United States v. Verdin-Garcia*, 516 F.3d 884, 898 (10th Cir. 2008) (citation omitted). "That burden is a hefty one." *Id.*

Because "[t]he purpose of the [S]entencing [G]uidelines is to eliminate disparities among sentences nationwide," *United States v. Franklin*, 785 F.3d 1365, 1371 (10th Cir. 2015) (internal quotation marks omitted), when a district court "correctly calculate[s] and carefully review[s] the Guidelines range, [it] necessarily [gives] significant weight and consideration to the need to avoid unwarranted disparities," *Gall*, 552 U.S. at 54. "A sentence within a Guideline[s] range 'necessarily' complies with § 3553(a)(6)." *Franklin*, 785 F.3d at 1371 (internal quotation marks omitted).

## ANALYSIS

Both of Defendant's sentences fall within their respective Guidelines ranges. And he does not contest the district court's application of the correct Guidelines range for either sentence. Thus, his sentences are presumptively reasonable. *Verdin-Garcia*, 516 F.3d at 898.

Defendant argues that he was placed in criminal history category VI because of his supervised release violation, despite his nonviolent criminal history. Criminal history category VI is not reserved for violent offenders. It is for all criminal defendants with at least 13 criminal history points, which are counted for both violent and non-violent offenses. *See United States v. Cortez*, 139 F.4th 1146, 1158 (10th Cir. 2025) (McHugh, J., concurring) (stating when considering sentencing disparity, that "defendants in the same criminal history category should have *similar* criminal backgrounds because they committed a similar number of offenses and spent similar amounts of time in custody"). Defendant nevertheless argues that offenders in the VI category are typically violent offenders, which means they do not have "similar records" to his under § 3553(a)(6). He therefore argues he "was not sentenced in the same range as defendants with a similar criminal history" to his own. Aplt. Opening Br. at 5. However, Defendant has not presented this court with any statistics or cases to show how other defendants with a criminal history similar to his own were sentenced, or that there is, in fact, any sentencing disparity. *See* Aplt. Br. at 5-10.

The PSR cited Sentencing Commission statistics showing the average sentence for other defendants charged with illegal reentry, in the last five years, with an offense level of 10, and a criminal history category of VI, was 23 months in prison. The median was 24 months. Defendant received a 24-month sentence for his illegal reentry charge, just like the comparators in this group. Although Defendant argues he is not similarly situated to all other defendants within criminal history category VI, he did not provide the district court with any statistics or other evidence to show a sentencing disparity with any other group of comparators. Further, Defendant did not offer the district court any evidence to show a sentencing disparity with other defendants who committed comparable supervised release violations. The court "couldn't abuse its discretion by failing to consider facts not presented." *United States v. Doty*, 150 F.4th 1351, 1357 (10th Cir. 2025) (internal quotation marks omitted). Accordingly, Defendant has not overcome the presumption that the district court acted within its discretion when it imposed his within-Guidelines sentences. *See Franklin*, 785 F.3d at 1371.

Relatedly, Defendant challenges the district court's failure to explicitly discuss the need to avoid unwarranted sentence disparities during sentencing. This is a procedural argument that is not properly before us because he challenges only substantive reasonableness in this appeal. *See United States v. Gross*, 44 F.4th 1298, 1303 (10th Cir. 2022) ("[P]rocedural error is the failure to consider all the relevant factors, whereas substantive error is when the district court imposes a sentence that does not fairly reflect those factors." (internal quotation marks omitted)). Even so,

7

the district court stated that it considered the § 3553(a) factors and discussed the specific circumstances of Defendant's case when it imposed Defendant's within-Guidelines sentences. That was sufficient. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1202 (10th Cir. 2007) ("[A] specific discussion of Section 3553(a) factors is not required for sentences falling within the ranges suggested by the Guidelines.").

We also reject Defendant's argument that his sentence was substantively unreasonable because both he and the government requested lower sentences than he received, based on Defendant's mitigating circumstances and criminal history. But sentencing courts are not bound by the parties' recommendations and must exercise their discretion in sentencing criminal defendants. *See Gall*, 552 U.S. at 41. And in light of the presumption of reasonableness and the deferential review afforded the district court's decision, we cannot say that its decision to give more weight to Defendant's criminal history and the need to protect the public than to his mitigating circumstances and criminal history arguments was an abuse of discretion. *See United States v. Zamora–Solorzano*, 528 F.3d 1247, 1251 (10th Cir. 2008) ("[A]buse-of-discretion review requires us to give 'due deference' to the weight the district court bestows on any particular § 3553(a) factor in justifying its sentencing decision.").

8

## CONCLUSION

We affirm the district court's judgments.

Entered for the Court


Carolyn B. McHugh
Circuit Judge